**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The State of Arizona, *ex rel.* Terry Goddard, the Attorney General; the Civil Rights Division of the Arizona Dept. of Law; and Jill Shumway,<br><br>Plaintiffs,<br><br>vs.<br><br>DHL Express (USA), Inc.,<br><br>Defendant. | No. CV-06-2611-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's "Motion for Expedited Status Conference" (doc. 139), and the plaintiffs' "Joint Response" (doc. 157).

After the verdict was returned in this case, we invited the jurors to stay and chat with the lawyers if they wanted to. We told them it would be an opportunity for the lawyers to learn how their presentations went and what was persuasive and what was not. It was not an invitation to the lawyers to interrogate the jurors about the validity of their verdict. Any such inquiry would violate Rule 606(b), Fed. R. Evid. Indeed, if we thought that a jury verdict could be attacked based upon post verdict discussions with counsel, we would never invite jurors to stay and talk. This would deprive the lawyers of an opportunity to learn more about the adversary process.

At page two of the defendant's motion it is asserted that the parties agreed that the jurors' inquiry before verdict was irrelevant and that the court forwarded a written response

1  to that effect. That is simply not the case. The court's initial proposal was to respond that
2  way, but the parties stipulated to a more substantive response, which the court gave. The
3  record is quite clear about this.
4        At all events, nothing asserted in the "Motion for Expedited Status Conference"
5  would justify inquiring into the jury's verdict, Rule 606 (b), Fed. R. Evid., nor would it
6  justify a new trial. For all these reasons, the "Motion for Expedited Status Conference" is
7  DENIED (doc. 139).
8        DATED this 6th day of March, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge