**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The State of Arizona, *ex rel.* Terry Goddard, the Attorney General; the Civil Rights Division of the Arizona Dept. of Law; and Jill Shumway, <br><br>    Plaintiffs, <br><br>vs. <br><br>DHL Express (USA), Inc., <br><br>    Defendant. | No. CV-06-2611-PHX-FJM <br><br>**ORDER** |

The court has before it plaintiff Jill Shumway's motion for attorney's fees (doc. 163) and memorandum supporting the motion (doc. 175), defendant DHL Express's response (doc. 179), and Shumway's reply (doc. 180).

Shumway asserted sex discrimination and retaliation claims against DHL under federal and state law. On January 16, 2008, we granted defendant's motion for summary judgment on Shumway's discrimination claim and denied the motion on the retaliation claim (doc. 96). Following a five-day trial, the jury concluded that defendant had unlawfully retaliated against Shumway and awarded her $350,000 in compensatory damages. Shumway now moves for an award of attorney's fees and non-taxable costs in the amount of $383,210.92, pursuant to the Arizona Civil Rights Act, A.R.S. § 41-1481(J), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

Congress authorized the award of attorney's fees to a "prevailing party" in actions alleging discrimination or retaliation in employment. 42 U.S.C. § 2000e-5(k). Defendant concedes that plaintiff has satisfied the threshold burden of establishing prevailing party status. It argues, however, that Shumway's counsel's fees should be reduced by 40% because Shumway did not prevail on her discrimination claim.

In Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983), the Supreme Court held that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." Id. at 440, 103 S. Ct. at 1943. "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Id. However, "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Id.

DHL contends that the discrimination claim was distinct in all respects from the retaliation claim. It contends that the two claims involved different legal theories, different witnesses, and different elements of proof, and because Shumway failed to prevail on the discrimination claim, we should reduce Shumway's fee award to eliminate any fees generated to advance this claim. We disagree.

In Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493 (9th Cir. 2000), the plaintiff asserted claims of sex discrimination and retaliation. A jury concluded that the plaintiff failed to establish sex discrimination, but found that the defendant retaliated against her because of her complaints about what she perceived as sex discrimination. The Ninth Circuit rejected defendant's argument that plaintiff's requested attorney's fees should be reduced because she failed to prevail on all of her claims. The court reasoned that, "in order to prevail on her retaliation claims, [plaintiff] had to prove that she reasonably believed that [defendant] was engaged in discriminatory activity." Id. at 518. Therefore, the court concluded that the retaliation claim was "inextricably intertwined with her discrimination claims." Id.; see also Little v. Windermere Relocation, Inc., 301 F.3d 958, 969 (9th Cir.

- 2 -

1  2002) (plaintiff must establish a reasonable belief that the employer engaged in an unlawful
2  employment practice). The court held that because the time spent on her discrimination
3  claims contributed to the success of her retaliation claims, it was appropriate to award fees
4  for hours spent on the unsuccessful discrimination claim.

5  We are presented with a similar situation here. Plaintiff's sex discrimination claim
6  involved allegations that DHL compensated men more favorably than similarly-situated
7  women. Her complaint to management about this pay disparity formed the basis of her
8  retaliation claim. In order to support her prima facie case of retaliation, plaintiff was required
9  to prove that she reasonably believed that defendant had unlawfully discriminated against her
10 when it refused to pay her a salary commensurate with male employees. As such, the legal
11 theories of the two claims overlap. Moreover, the claims are factually related. Brian Kelly
12 was the key decision maker in both the salary decision and the decision to deny the
13 controlled credit commission. His alleged animus was first evidenced in his decision to deny
14 equal pay and then carried over into his decision to deny the controlled credit.

15 At all events, "[t]he result is what matters," Hensley, 461 U.S. at 435, 103 S. Ct. at
16 1940, and plaintiff has obtained excellent results. The value of the discrimination claim is
17 minimal in comparison to the retaliation claim. Plaintiff was awarded $350,000 on her
18 retaliation claim, whereas her discrimination claim was estimated to be worth $5,250 (the
19 salary differential during the relevant time). Reply at 6. When a plaintiff has "obtained
20 excellent results," the lawyer should "recover a fully compensatory fee . . . encompass[ing]
21 all hours reasonably expended on the litigation." Hensley, 461 U.S. at 435, 103 S. Ct. at
22 1940.

23 Because the legal theories and factual bases of the two claims are inextricably
24 interrelated, and because plaintiff has obtained overall excellent results, we will not apportion
25 the fee award based on the success or failure of the two claims.

26 Defendant does not challenge the reasonableness of the hourly rates charged by
27 plaintiff's counsel. Instead, it broadly contends that the fee request should be reduced
28 because it reflects overstaffing and duplication of efforts. It argues that plaintiff "was

1  represented by no less than four attorneys at trial." Response at 6.  However, three of the
2  lawyers at trial represented the State of Arizona.  With the exception of 8.2 hours for Gary
3  J. Cohen, plaintiff seeks to recover fees for the services of Douglas H. Clark, Jr. only.  We
4  reject defendant's argument that the fee request should be reduced because the Attorney
5  General's office was also litigating the case and that plaintiff should have relied on "the
6  resources that were available to her from the Attorney General's Office." Id.  First, plaintiff
7  is entitled to hire an independent lawyer of her choosing to prosecute her claim.  Moreover,
8  it is evident from the processing of this case that Mr. Clark not only served as lead counsel
9  during trial, but also directed the overall litigation.  Plaintiff states that Mr. Clark propounded
10 the majority of the discovery and conducted all but one of the depositions, which was
11 conducted by defendant's counsel.  Reply at 12.

12        Defendant's only specific challenge to counsel's time entries relate to charges in the
13 amount of $412.50 for docketing clerks.  Purely clerical tasks should not be billed at a
14 paralegal rate, but should be subsumed in a law firm's overhead.  Therefore, we reduce the
15 requested fees by $412.50.

16        Based on the foregoing, **IT IS ORDERED GRANTING** plaintiff's motion for
17 attorney's fees and costs in the amount of $382,798.42 (doc. 163).

18        DATED this 28th day of July, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 4 -